William C. Regelin and William Jensen, copartners, trading as Regelin, Jensen & Company, Appellees, v. Carl A. Lothgren, Appellant.

Gen. No. 22,341.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by William C. Regelin and William Jensen, copartners, trading as Regelin, Jensen & Company, plaintiffs, against Carl A. Lothgren, defendant, to recover for services rendered in connection with the sale of certain real estate belonging to defendant. From a judgment for plaintiffs for $2,750, defendant appeals.

ARTHUR C. BACHRACH, HYMAN POLONSKY and H. W. SISSON, for appellant.

T. F. MONAHAN, for appellees.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. BROKERS, § 7*—*when evidence shows employment as.* In an action by real estate brokers for a commission for sale of real estate, evidence *held* sufficient to show employment of plaintiffs by defendant.

2. BROKERS, § 90*—*when evidence shows to be procuring cause* of *sale.* In an action to recover a commission for the sale of real estate, evidence *held* sufficient to show that plaintiffs were the procuring cause of the sale.

3. BROKERS, § 64*—*when implied obligation to pay usual brokerage fee arises.* Where brokers are employed to sell a piece of real estate, there is the implied obligation to pay the usual brokerage fee and not to compensate them for the time and effort expended.

4. BROKERS, § 92*—*when evidence as to value of services is shown.* In an action by brokers to recover a commission for the sale of real estate, there was evidence in regard to the value of services rendered where the testimony of a real estate broker, that the usual and reasonable compensation was a certain per cent., was uncontradicted, and there was also competent evidence from which the jury could base a finding as to the sale or exchange price.

5. APPEAL AND ERROR, § 450*—*when admission of incompetent evidence cannot be complained of.* The admission of incompetent evidence cannot be complained of on appeal where no objection was made in the trial court.

6. EVIDENCE, § 366*—*when inadmissible as conclusion of witness.* In an action by real estate brokers against the owner for a commission, in which the issue is whether the plaintiffs were the procuring cause of the sale, the evidence of the purchasers upon such question is inadmissible as amounting to a conclusion upon an ultimate fact to be decided by the jury.

7. BROKERS, § 85*—*when evidence of purchaser as to effect of efforts of brokers is inadmissible.* In an action by real estate brokers to recover a commission for the sale of real estate, evidence of one of the purchasers as to the impression which the efforts of plaintiffs had on their minds is admissible, but it is improper to ask such witness whether he was induced by the talk with plaintiffs' representative to transfer the exchanged property to the seller,

8. APPEAL AND ERROR, § 1498*—*when error in exclusion of evidence is not reversible.* In an action by real estate brokers to recover a commission for the sale of real estate, the refusal of the court to allow the answer of one of the purchasers as witness for plaintiffs as to whether the talk he had with the representative of plaintiffs increased his desire for the property was not reversible error, where

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the witness and the other purchaser had already disclosed in their testimony the extent to which plaintiffs' representative had brought them into an agreement with defendant's terms.

9. BROKERS, § 97*—*when instruction on right to commissions is not erroneous.* In an action by real estate agents to recover a commission for the sale of real estate, an instruction that if plaintiffs were employed by defendant to effect an exchange or sale of the property, and were the efficient and procuring cause of the sale, they were entitled to a commission, no matter how slight the services performed might appear to be, was *held* to be correct, and not misleading.

10. BROKERS, § 37*—*when entitled to a commission.* Brokers who are the procuring cause of a sale of real estate, and were employed to make the sale, are entitled to a commission, regardless of how little time they may have expended.

11. TRIAL, § 232*—*when denial of request that document be taken to jury room is not error.* The ruling of the trial court denying a request of defendant's counsel that a certain document be taken to the jury room is not error where the defendant's counsel erroneously referred to the document as a certain exhibit, which exhibit had not been received in evidence.